IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re Application of:                      )
                                           )
THE REPUBLIC OF EL SALVADOR                )
                                           )   Case No. _____
                                           )
              Applicant.                   )

**SUGGESTIONS IN SUPPORT OF THE APPLICATION OF
THE REPUBLIC OF EL SALVADOR
<u>FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**BACKGROUND AND FACTS** ..................................................................................................1

**ARGUMENT**..............................................................................................................................3

**I. EL SALVADOR'S APPLICATION MEETS THE REQUIREMENTS OF 28 U.S.C. § 1782**..................................................................................................................3

A. Verizon Resides in the District of Columbia .......................................................................4

B. El Salvador is an Interested Person Because it is a Party to an International Tribunal.................................................................................................................................4

C. El Salvador Seeks Discovery for Use in a Proceeding in an International Tribunal ............5

**II. THE INTEL FACTORS WEIGH IN FAVOR OF ORDERING THE DISCOVERY THAT EL SALVADOR SEEKS**...................................................................6

A. Verizon is Not a Party to the Foreign Proceeding, and the Materials are Not Within ICSID Tribunal's Jurisdictional Reach...............................................................6

B. The Nature and Character of the ICSID Proceeding Weighs in Favor of the Grant of El Salvador's Application.................................................................................................7

C. El Salvador is Not Attempting to Circumvent the ICSID Tribunal's Law or Policy ..........8

D. El Salvador's Requests are Not Unduly Burdensome .........................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*In re Application of Veiga*,
    746 F.Supp.2d 8 (D.D.C. 2010) ..................................................................................4, 6, 7, 8

*Intel Corp. v Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) .................................................................................................4, 5, 6, 7, 8

**FEDERAL STATUTES**

28 U.S.C. § 1782 (2011) ....................................................................................................3, 5, 6, 9

28 U.S.C. § 1782(a) (2011) ...................................................................................................4, 6, 7, 8

**OTHER AUTHORITIES**

S. Rep. No. 1580 (1964) ....................................................................................................................5

Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, Decision on
    the Respondent's Preliminary Objections under CAFTA Articles 10.20.4 and 10.20.5
    (Aug. 2, 2010),
    http://icsid.worldbank.org/ICSID/FrontServlet?requestType=CasesRH&actionVal=sh
    owDoc&docId=DC1652_En&caseId=C661 ..............................................................1, 2, 5, 7

Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, The Republic
    of El Salvador's Memorial, Objections to Jurisdiction, Procedural Order No. 9 (Mar.
    31, 2011) .........................................................................................................................3, 5, 7, 8

Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, The Republic
    of El Salvador's Memorial, Objections to Jurisdiction, Procedural Order No. 10 (Apr.
    28, 2011) .........................................................................................................................3, 5, 7, 8

**OTHER MATERIALS**

Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, The Republic
    of El Salvador's Memorial, Objections to Jurisdiction (Oct. 15, 2010),
    http://www.minec.gob.sv/index.php?option=com_phocadownload&view=category&i
    d=26:otros-documentos&Itemid=63 ..............................................................................................2

## PRELIMINARY STATEMENT

This is an application for discovery in the United States in aid of an international arbitral proceeding. The Republic of El Salvador ("El Salvador") is currently a party in an international proceeding before an international arbitral tribunal constituted under the auspices of the International Centre for Settlement of Investment Disputes ("ICSID") with Pac Rim Cayman LLC ("Pac Rim"). The ICSID Tribunal ordered El Salvador to produce, among other things, certain phone records of in-coming calls placed to its counsel, Dewey & LeBoeuf, to resolve an issue that was raised concerning Pac Rim's knowledge and intent. Dewey & LeBoeuf's telephone carrier, Verizon Communications, Inc. ("Verizon"), refuses to voluntarily provide those records to Dewey & LeBoeuf absent the formal service of a subpoena and payment of a fee. By order dated April 28, 2011, the ICSID Tribunal authorized El Salvador to obtain a subpoena for the purpose of obtaining the record of in-coming calls to one Dewey & LeBoeuf attorney's telephone number between October 1, 2007 and January 31, 2008. El Salvador seeks discovery of these specific phone records of its counsel, Dewey & LeBoeuf, that are in the possession of a non-party to the international arbitration, namely Verizon, for use in the arbitration. For the reasons set forth below, this Court should grant El Salvador's Application.

## BACKGROUND AND FACTS

On April 30, 2009, Pac Rim, a wholly owned subsidiary of Canada-based Pacific Rim Mining Corporation, initiated arbitral proceedings against El Salvador before ICSID under the Dominican Republic-Central America-United States Free Trade Agreement ("CAFTA"), claiming that El Salvador had prevented Pac Rim from exercising its rights to extract minerals it had found during exploration activities within the sovereign's jurisdiction, and had done so after inducing and encouraging Pac Rim to spend tens of millions of U.S. dollars to undertake such exploration activities. *See* Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, Decision on the Respondent's Preliminary Objections under CAFTA Articles

10.20.4 and 10.20.5, ¶¶ 32, 8-19 (Aug. 2, 2010), [hereinafter ICSID Decision].[1] On October 15, 2010, El Salvador submitted a memorandum in which it argued that Pac Rim's claims should be dismissed because it had gained ICSID's jurisdiction under CAFTA by abusing the international arbitration system. *See* Pac Rim Cayman LLC v. Republic of El Sal., ICSID Case No. ARB/09/12, The Republic of El Salvador's Memorial, Objections to Jurisdiction, ¶ 1 (Oct. 15, 2010).[2] Specifically, El Salvador stated that Pacific Rim Mining Corporation, which is not incorporated within a CAFTA member state, had manipulated the arbitral process by changing Pac Rim's state of incorporation from the Cayman Islands to the United States for the purpose of bringing before ICSID a pre-existing dispute under CAFTA. *See id.* at ¶¶ 13-18.

In support of its argument, and to rebut Pac Rim's claims to the contrary, El Salvador submitted the witness statement of one of its attorneys, Luis Parada of Dewey & LeBoeuf. *See* Affidavit of G. Richard Dodge, Jr. dated April 29, 2011 ("Dodge Aff."), Exhibit A. Mr. Parada stated that just days before Pac Rim was deregistered in the Cayman Islands and registered in the United States, and before the international arbitration was initiated, he underwent a series of interviews for potential employment at Crowell & Moring LLP, attorneys for Pacific Rim Mining Corporation and Pac Rim. *Id.* at ¶¶ 3-8. Mr. Parada stated that during those interviews attorneys at Pac Rim's counsel, Crowell & Moring, told him of their intention to initiate international arbitral proceedings against El Salvador in ICSID under CAFTA if the sovereign did not grant certain extraction permits. *Id.* at ¶¶ 6-7. Pac Rim disputes El Salvador's arguments, asserting that its change of registration from the Cayman Islands to the United States had nothing to do with an intention to gain CAFTA and ICSID jurisdiction over an existing dispute. *Id.* at ¶ 2.

---

[1] The ICSID Decision is available at
http://icsid.worldbank.org/ICSID/FrontServlet?requestType=CasesRH&actionVal=showDoc&docId=DC1652_En&caseId=C661.

[2] The memorial is available for download at
http://www.minec.gob.sv/index.php?option=com_phocadownload&view=category&id=26:otros-documentos&Itemid=63.

On March 14, 2011, Pac Rim asked the ICSID Tribunal to order El Salvador to produce, among other things, certain communications between Mr. Parada and Crowell & Moring during the period from October 30, 2007 to December 31, 2008. Dodge Aff., Exhibit B at 2-4. On March 31, 2011, the ICSID Tribunal ordered El Salvador to produce, among other things:

> [A]ll documentation of whatsoever nature coming into existence during the period from 30 October 2007 to 31 December 2007 relating generally to Mr. Parada's possible employment by Crowell & Moring and in particular to the several telephone-calls and meetings between Mr. Parada and Crowell & Moring (whether acting by itself or by any partner, employee, legal recruited or otherwise,) described in paragraphs 3 to 8 of Mr. Parada's witness statement.

Dodge Aff., Exhibit C.

Dewey & LeBoeuf contacted Verizon, which is not a party to the international arbitration, to obtain records of in-coming telephone calls to one Dewey & LeBoeuf attorney during the period from October 30, 2007 to January 31, 2008. Dodge Aff. at ¶¶ 2-3. The request is narrowly tailored in accordance with Procedural Order No. 9 and the facts of the case to address the narrow factual issue of whether, in the period between October, 30 2007 and January 31, 2008, Crowell & Moring contacted Mr. Parada. Verizon refused to produce the records of these in-coming calls to Dewey & LeBoeuf absent the formal service of a subpoena that seeks those records. *See* Dodge Aff. at ¶¶ 2-3.

By order dated April 28, 2011, the ICSID Tribunal authorized El Salvador to obtain a subpoena "required to procure the Mr. Parada's telephone records from 1 October 2007 to 31 January 2008." Dodge Aff., Exhibit D.

## ARGUMENT

### I. EL SALVADOR'S APPLICATION MEETS THE REQUIREMENTS OF 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1782, this Court is authorized to provide assistance in obtaining evidence from domestic companies and persons for use in foreign and international arbitrations. Subsection (a) provides:

3

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (2011).

The Supreme Court has held that the plain language of the statute controls, and thus in order to obtain relief, an applicant must satisfy three threshold conditions: (1) the person from whom discovery is sought resides or is found in the district of the court to which the application is made; (2) the application is made by a foreign or international tribunal or any interested person; and (3) the discovery is "for use in a proceeding in a foreign or international tribunal." *Intel Corp. v Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004); *see also In re Application of Veiga*, 746 F.Supp.2d 8, 16-17 (D.D.C. 2010). El Salvador's application meets these criteria.

### A.    Verizon Resides in the District of Columbia

Section 1782(a) requires that the person from whom discovery is sought "reside in or [be] found" in the district where the district court sits. The term "person" includes corporations. *See Intel*, 542 U.S. 241. Verizon is a New York based corporation that conducts business in Washington, DC. Furthermore, Verizon has instructed El Salvador to serve the subpoena on it in the District of Columbia. Dodge Aff. at ¶ 4. Verizon, therefore, resides within this district.

### B.    El Salvador is an Interested Person Because it is a Party to an International Tribunal

The Supreme Court interprets "interested person" broadly to reach beyond "the universe of persons designated 'litigant.'" *See Intel*, 542 U.S. at 256. A person with "significant

4

participation rights" in a foreign or international proceeding "qualifies as an 'interested person' within any fair construction of that term." *See id.* Here, Pac Rim has filed claims against El Salvador in the ICSID. *See* ICSID Decision at ¶¶ 8-19. An ICSID tribunal was constituted to hear the dispute. *See* ICSID Decision at ¶¶ 29-31. El Salvador has significant participation rights as a party to the ICSID proceeding. Thus, El Salvador is a party to a proceeding before an international tribunal.

### C. El Salvador Seeks Discovery for Use in a Proceeding in an International Tribunal

El Salvador also satisfies the third requirement of § 1782 because it seeks discovery "for use in a proceeding in a foreign or international tribunal." A proceeding before an international tribunal fulfills this requirement. *See Intel*, 542 U.S. at 259 ("The legislative history of the 1964 revision . . . reflects Congress' recognition that judicial assistance would be available 'whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature.'" (quoting S. Rep. No. 88-1580, at 9 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3789)).

Here, the international proceeding for which discovery is sought is pending. Pac Rim brought a claim before ICSID seeking damages and other relief against El Salvador, and the ICSID Tribunal is responsible for deciding issues of fact and law relating to the dispute. *See* ICSID Decision at ¶¶ 52, 29-31. The ICSID Tribunal has ordered El Salvador to produce, among other things, certain phone records of in-coming calls placed to its counsel, Dewey & LeBoeuf. Dodge Aff., Exhibit C. The ICSID Tribunal subsequently authorized El Salvador to obtain a subpoena for the purpose of obtaining these phone records. Dodge Aff., Exhibit D. El Salvador will use discovery obtained through this application in order to demonstrate before the ICSID Tribunal that Crowell & Moring contacted Mr. Parada shortly before Pac Rim changed its country of registration from the Cayman Islands to the United States and informed him of

5

Crowell & Moring's intent to file a claim in ICSID under CAFTA based on an existing mining dispute in El Salvador. *See* Dodge Aff., Exhibit A at ¶¶ 3-8.

## II. THE *INTEL* FACTORS WEIGH IN FAVOR OF ORDERING THE DISCOVERY THAT EL SALVADOR SEEKS

In *Intel*, the Supreme Court provided several factors to aid lower courts in determining whether to grant an application under § 1782. *See Intel*, 542 U.S. at 247; *In re Application of Veiga*, 746 F.Supp.2d at 17. The factors include: (1) whether the company from whom discovery is being sought are participants in the foreign proceeding; (2) the nature and character of the foreign proceeding and the receptivity of the foreign tribunal to U.S. federal court judicial assistance; (3) whether the request is an attempt to circumvent foreign proof gathering limitations; and (4) whether the discovery sought is unduly burdensome or intrusive. *See Intel*, 542 U.S. at 264-65; *In re Application of Veiga*, 746 F.Supp.2d at 17. "In engaging in this analysis, courts should look to the statute's twin aims: *i.e*, to provide fair and efficient assistance to participants in international litigation and to encourage other countries to provide similar assistance." *In re Application of Veiga*, 746 F.Supp.2d at 17 (citing *In re Application of Euromepa S.A.*, 51 F.3d 1095, 1097 (2d Cir. 1995)).

### A. Verizon is Not a Party to the Foreign Proceeding, and the Materials are Not Within the ICSID Tribunal's Jurisdictional Reach

As a nonparty to the ICSID proceeding, Verizon is thus not within the ICSID Tribunal's jurisdictional reach, and this factor supports discovery under § 1782. Indeed, as explained by the Supreme Court, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Verizon has refused to provide the phone records absent serve of a formal subpoena and payment of a fee. Dodge Aff., at ¶ 3. This factor weighs in favor of discovery.

### B. The Nature and Character of the ICSID Proceeding Weighs in Favor of the Grant of El Salvador's Application

The nature and character of the ICSID proceeding supports granting El Salvador's application. A court presented with a § 1782(a) request may take into account the nature of the foreign or international tribunal, the character of the proceeding and the receptivity of the foreign or international tribunal to U.S. judicial assistance. *See Intel*, 542 U.S. at 264. ICSID proceedings are clearly judicial in nature and are analogous to legal proceedings in the United States. To date, the ICSID proceeding has involved pleadings (ICSID Decision at ¶ 32), orders and decisions ((ICSID Decision at ¶ 42), an oral hearing (ICSID Decision at ¶ 45), and discovery (Dodge Aff., Exhibit C), all of which are common features of the United States judicial system. Like the United States courts, the ICSID Tribunal also considers submissions of *amici curiae*. *See* ICSID Decision at ¶ 50. Thus, there is no question that the ICSID provides for judicial proceedings sufficiently analogous to the proceedings in this country to warrant an order of discovery.

A "party resisting discovery must point to 'authoritative proof' that the foreign tribunal would reject the evidence sought." *In re Application of Veiga*, 746 F.Supp.2d at 23-24 (citing *In re Caratube Int'l Oil Co., LLP*, 730 F.Supp.2d 101, 105-06 (D.D.C. 2010)). No such authority exists here. Indeed, the facts support the opposite conclusion. The opposing party in the ICSID proceeding, Pac Rim, has requested the documents El Salvador now seeks to obtain through this Application. *See* Dodge Aff., Exhibit B at 2-4. The ICSID Tribunal has issued a procedural order directing El Salvador to produce the documents and has expressly granted El Salvador authorization to seek a subpoena from a court to obtain the documents. *See* Dodge Aff., Exhibit C; Dodge Aff., Exhibit D.

### C. El Salvador is Not Attempting to Circumvent the ICSID Tribunal's Law or Policy

El Salvador's Application is not an attempt to circumvent the applicable ICSID Arbitration Rules concerning the gathering of evidence, but is in fact, acting in compliance thereof. El Salvador submits this application in a good faith attempt to obtain documents and information that are central to its claims in the ICSID proceeding, and there are no restrictions in the ICSID proceeding that would affirmatively prohibit the discovery it seeks. Indeed, the facts in this case undermine any argument that El Salvador attempts to circumvent ICSID Tribunal's proof-gathering restrictions or policies. The ICSID Tribunal issued a procedural order directing El Salvador to produce the documents requested pursuant to this application. *See* Dodge Aff., Exhibit C. The ICSID Tribunal subsequently granted El Salvador authorization to seek a subpoena from a court to obtain the documents. *See* Dodge Aff., Exhibit D. Had El Salvador attempted to do so, the ICSID Tribunal would not have granted the sovereign authorization to seek the subpoena requested in this Application. Furthermore, Section 1782(a) "does not incorporate an exhaustion requirement, and an applicant is not required to first seek discovery from the foreign tribunal." *In re Application of Veiga*, 746 F.Supp.2d at 24. This factor, therefore, weighs in favor of discovery.

### D. El Salvador's Requests are Not Unduly Burdensome

El Salvador's requests are not overly intrusive or burdensome. In applying the fourth and final *Intel* factor, courts consider the scope of the discovery sought. "[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265; *see In re Application of Veiga*, 746 F.Supp.2d at 25. El Salvador has tailored its request to address a narrow factual issue raised in the ICSID proceeding. It seeks telephone records relating to a limited, three-month period. Further, Verizon will be charging El Salvador a fee to obtain the phone records that will offset potential burdens, if any. Dodge Aff. at ¶ 3. Thus, the final Intel factor weighs in favor of granting El Salvador's application.

8

## CONCLUSION

For all of the foregoing reasons, the El Salvador respectfully requests that this Court grant its Application pursuant to 28 U.S.C. § 1782.

Dated:  April 29, 2011
       Washington, DC

                          Respectfully submitted,

                          DEWEY & LEBOEUF LLP

                  By: _____
                          Lyle Roberts
                          D.C. Bar Number 464789
                          1101 New York Avenue NW
                          Suite 1100
                          Washington, D.C. 20005
                          (202) 346-8000

                          *Attorneys for the Applicant The Republic of El Salvador*