# EXHIBIT B



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

14 March 2011

Theodore R. Posner
+1 202 624 2890
tposner@crowell.com

**Via Email**

Mr. V.V. Veeder, Q.C.
Dr. Guido Santiago Tawil
Professor Brigitte Stern

c/o Mr. Marco Tulio Montañés-Rumayor
Secretary of the Tribunal
ICSID
1818 H Street, N.W.
MSN U3-301

Re: <u>Pac Rim Cayman LLC v. Republic of El Salvador (ICSID Case No. ARB/09/12)</u>

Dear Members of the Tribunal:

This letter concerns the witness statement by Respondent's counsel, Mr. Luis Parada, submitted today concerning his alleged recollections of recruiting conversations and interviews he had with lawyers of Crowell & Moring LLP in late 2007 and early 2008. By this letter, we request that the Tribunal order Respondent's counsel to produce documents related to the allegations made in his witness statement, as specified below.

The handful of documents Mr. Parada provided with his witness statement is highly selective. Even then, however, the documents do not support Respondent's allegation that by late 2007, a dispute had already arisen between Claimant and the Government of El Salvador. While Mr. Parada has submitted emails between himself and a legal recruiter concerning his interviews at Crowell & Moring, any correspondence between Mr. Parada and lawyers or recruiting personnel from Crowell & Moring is conspicuously absent. Likewise, Mr. Parada submitted emails he allegedly sent to the Government of El Salvador to solicit it as a client with respect to a legal action that had not yet materialized, but omits any substantive response from the Government.

Mr. Parada appears to recognize the seriousness of what amounts to a challenge to the candor of Claimant's counsel. However, allegations of such a grave nature cannot rest on the evidence presented, which consists of a few hand-picked emails. Nor can Mr. Parada's recollection of events from three years ago – events which he, as counsel for Respondent, has every reason to recall in a manner to the advantage of himself and his client – carry the weight of the allegations Mr. Parada makes. The seriousness of this matter, as well as the centrality of the

Mr. V.V. Veeder, Q.C.
Dr. Guido Santiago Tawil
Professor Brigitte Stern
14 March 2011
Page 2

issues raised in Mr. Parada's letter to positions Respondent has taken in its pleadings on its objections to jurisdiction, requires a thorough examination and testing of the assertions put forward on the fullest possible record. Claimant therefore insists that Mr. Parada be made available for cross-examination at the upcoming hearing.

In this regard, in order to be able to conduct a fair cross-examination of Mr. Parada on the issues raised in his witness statement, Claimant requests that the Tribunal order Respondent's counsel to produce documents as set forth in the table below.[1]

| *Documents Requested* | *Justification* |
|---|---|
| 1. All communications[2] between Mr. Parada and any legal recruiter (including, but not limited to, personnel of the legal recruiting firm of Negussie and Todd LLC) during the period 30 October 2007 through 31 December 2008. This request encompasses communications relating not only to Crowell & Moring, but also to any other law firm or other potential employer that may have been proposed to Mr. Parada or that Mr. Parada may have proposed to the recruiter. | These documents are relevant and material to establishing or refuting Mr. Parada's assertion that he was "not contemplating changing employment" during the period at issue, which in turn is relevant and material to the credibility of his allegations regarding the information he received during recruiting interviews and how he used that information. |
| 2. All communications between Mr. Parada and any lawyer or recruiting | These documents are relevant and material to establishing or refuting Mr. Parada's assertion |

---

[1] Claimant does not seek production of documents or portions of documents protected by attorney-client privilege or the attorney work product doctrine. However, to the extent that documents responsive to Claimant's requests for documents fall within the scope of such privilege or protection, Claimant requests that Respondent provide a privilege log listing all documents withheld on these grounds. For each document or portion of a document for which privilege or protection is claimed, the privilege log should provide the following information: (a) the title of the document; (b) the identity and title of each author; (c) the identity and title of each recipient; (d) the date of the document; (e) a description of the document; (f) the nature of the privilege or protection claimed; and (g) the basis on which the privilege or protection is claimed. If less than an entire document is claimed to be privileged, Claimant requests that Respondent furnish a copy of those portions of the document that are not privileged.

[2] For purposes of this request and all other document requests contained in this letter, the terms "communication" and "communications" should be understood in their broadest sense to include notes, memoranda, faxes, emails, voicemails, text messages, letters, meeting minutes, reports, presentations, and anything similar to the foregoing.

Mr. V.V. Veeder, Q.C.
Dr. Guido Santiago Tawil
Professor Brigitte Stern
14 March 2011
Page 3

| | | |
|---|---|---|
| | personnel of any law firm or law department during the period 30 October 2007 through 31 December 2008 regarding potential employment at such law firm or law department. | that he was "not contemplating changing employment" during the period at issue, which in turn is relevant and material to the credibility of his allegations regarding the information he received during recruiting interviews and how he used that information. |
| 3. | All communications between Mr. Parada and any lawyer (including, but not limited to, Mr. Ali and Mr. de Gramont), recruiting personnel, or other employee of Crowell & Moring regarding Mr. Parada's possible employment by Crowell & Moring. | These documents are relevant and material to establishing or refuting Mr. Parada's assertions as to information communicated to him by persons speaking on behalf of Crowell & Moring. |
| 4. | All documents (including but not limited to notes, memoranda, faxes, emails, voicemails, text messages, letters, logs, journals, diaries, desk calendars), related to Mr. Parada's communications with any lawyer, recruiting personnel, or other employee of Crowell & Moring regarding Mr. Parada's possible employment by Crowell & Moring. | These documents are relevant and material to establishing or refuting Mr. Parada's assertions as to information communicated to him by persons speaking on behalf of Crowell & Moring, inasmuch as they reasonably may be expected to reflect Mr. Parada's contemporaneous response to the information he claims to have received in those communications. |
| 5. | All communications between Mr. Parada and any other lawyer of Dewey & LeBoeuf proposing or offering legal services to the Government of El Salvador (including the Attorney General or any other official of the Government) relating to a prospective or pending dispute between the Government and Pac Rim Cayman LLC (or any parent, subsidiary, or affiliate thereof). | These documents are relevant and material to establishing or refuting Mr. Parada's assertions as to information communicated to him by persons speaking on behalf of Crowell & Moring, inasmuch as such documents reasonably may be expected to convey, characterize or otherwise reflect that information. |
| 6. | All documents containing any "pitch" or other presentation Mr. Parada or any other lawyer of Dewey & LeBoeuf provided to the Government of El Salvador (including the Attorney | These documents are relevant and material to establishing or refuting Mr. Parada's assertions as to information communicated to him by persons speaking on behalf of Crowell & Moring, inasmuch as such documents |

Mr. V.V. Veeder, Q.C.
Dr. Guido Santiago Tawil
Professor Brigitte Stern
14 March 2011
Page 4

|  |  |  |
|---|---|---|
|  | General or any other official of the Government) in support of an offer of legal services relating to a dispute between the Government and Pac Rim Cayman LLC (or any parent, subsidiary, or affiliate thereof). | reasonably may be expected to convey, characterize or otherwise reflect that information. |
| 7. | All requests for proposals or other similar documents soliciting the offer of legal services the Government of El Salvador (including the Attorney General or any other official of the Government) provided to Mr. Parada or any other lawyer of Dewey & LeBoeuf relating to a dispute between the Government and Pac Rim Cayman LLC (or any parent, subsidiary, or affiliate thereof). | These documents are relevant and material to establishing Respondent's understanding of when a dispute with Pac Rim Cayman LLC arose. |
| 8. | All responses Mr. Parada or any other lawyer of Dewey & LeBoeuf provided to the Government of El Salvador (including the Attorney General or any other official of the Government) in response to a request for proposals or similar document as described in item 7, above. | These documents are relevant and material to establishing or refuting Mr. Parada's assertions as to information communicated to him by persons speaking on behalf of Crowell & Moring, inasmuch as such documents reasonably may be expected to convey, characterize or otherwise reflect that information. |

Claimant respectfully requests that the Tribunal issue an order requiring Respondent and its counsel to comply with these document requests as soon as possible, but no later than Monday, 21 March 2011, in order to permit Claimant to prepare for Mr. Parada's testimony at the hearing.

Respectfully submitted,

_____/s/_____

Theodore R. Posner

cc:  Counsel of Record